IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Arthur Anthony Gill,<br>Defendant,<br>and<br>Kayenta School District #27,<br>Garnishee. | CR 01-1148-PCT-FJM<br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE FREDERICK J. MARTONE, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon consideration of Plaintiff, the United States of America's Application for Writ of Garnishment (Doc. 114), the Writ of Continuing Garnishment and Notice of Post-Judgment Garnishment filed by the Clerk of Court (Doc. 115), the Answer filed by Garnishee, Kayenta School District #27 (Doc. 117), and an objection to garnishment, filed by Defendant, Arthur Anthony Gill (Docs. 119, 120[1]). This matter was referred to undersigned for garnishment proceedings on April 21, 2011 (Doc. 122). This Court has authority to conduct hearings and issue reports and recommendations in post-judgment proceedings pursuant to 28 U.S.C. §3008, and F.R.Civ.P. 72.1(b).

[1]Duplicate of 119.

Pursuant to 28 U.S.C. §3205(b)(1), Plaintiff sought application to issue a Writ of Garnishment upon a judgment entered against Defendant in the amount of $9,450.00[2]: the total balance due on the judgment was $3,927.00 as of March 16, 2011, and $1,306.00 as of April 14, 2011. (Doc. 114, at 1; Doc. 123, at 2.) In their Answer, Garnishee avowed that Defendant was employed by Garnishee on the date that the Writ was served, and that Garnishee anticipated owing earnings to Defendant after that date. (Doc. 117, at 1-2.) Garnishee calculated the amount of earnings it would withhold during the period of garnishment at $75.57 bi-weekly. (Id., at 3-4.) Defendant does not contest the existence of the judgment, or the amount owed, but claims financial hardship, asks that the original restitution order be lifted, and requests a hearing on the garnishment. (Doc. 120, at 1.)

Plaintiff contends that the garnishment is proper and Defendant is not entitled to a hearing. (Doc. 123.) A criminal restitution judgment can be enforced "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal or State law." 18 U.S.C. §3613(a) (made applicable to restitution orders by 18 U.S.C. 3664(m)(1)(A)). The practices and procedures for enforcement of a civil judgment under federal law are set forth in the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. §3001 et seq. A judgment debtor does have the right to a hearing on the garnishment under limited circumstances, that are set forth in 28 U.S.C. §3202(d), which provides:

> By requesting, within 20 days after receiving the notice described in section 3202(b), the court to hold a hearing, the judgment debtor may move to quash the order granting such remedy. The court that issued such order shall hold a hearing on such motion as soon as practicable, or, if so requested by the judgment debtor, within five days after receiving the request or as soon thereafter as possible. The issues at such hearing shall be limited-
>
> (1) **to the probable validity of any claim of exemption by the judgment debtor;**
>
> (2) **to compliance with any statutory requirement for the issuance of the post judgment remedy granted**; and

///

///

[2] A criminal restitution order was issued as part of Defendant's Judgment and sentencing on July 29/2002, in the amount of $9,450.00 (Doc. 105).

(3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to-

(A) the probable validity of the claim for the debt which is merged in the judgment; and

(B) the existence of good cause for setting aside such judgment.

(emphasis added).

Defendant does not provide any authority for why the wages garnished should be exempt from the post-judgment remedy. See, U.S. v. Bank of America, 2011 WL 1483716 *4-5 (E.D. Tex. 2011) ("The exemptions available in proceedings to collect criminal restitution judgments are limited to those set out in 26 U.S.C. §6334," . . .financial hardship is not a basis for exemption). Defendant does not claim that the United States did not comply with any statutory requirements relating to the garnishment. Additionally, Defendant's restitution did not accrue as a result of a default judgment. As such, he is not entitled to a hearing. See, U.S. v. First Bank & Trust East Texas, 477 F.Supp.2d 777, 782-83 (E.D.Tex. 2007) (no hearing warranted, "as Defendant fails to raise an issue for which a hearing under §3202(d) is statutorily allowed.").

In accordance with the foregoing,

**IT IS HEREBY RECOMMENDED** that Defendant's Objection to Garnishment and request for a hearing (Docs. 119, 120) be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(b) and 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to

appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. See Fed.R.Civ.P. 72.

DATED this 3rd day of May, 2011.

Michelle H. Burns
United States Magistrate Judge